UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK MANCUSO and ELLEN MANCUSO,
individually and on behalf of their children,
DEANNA HEARN and THERESA BUSA, and
F. MANCUSO BOATYARD, INC., d/b/a
ECHO BAY MARINE,

               Plaintiffs,

         -against-

CITY OF NEW ROCHELLE,

              Defendant.

---

**ORDER**

26-CV-00102 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiffs commenced this action on January 7, 2026. (Doc. 1). The affidavit of service of the summons was filed on January 9, 2026 and indicates that Defendant's answer was due on January 30, 2026. (Doc. 4). Defendant did not appear and answer on January 30, 2026, so on February 2, 2026, Plaintiffs sought and obtained a Clerk's Certificate of Default (Docs. 5, 6, 7). On February 12, 2026, Defendant appeared in this action through counsel and filed a letter requesting an extension of time to respond to the Complaint. (Docs. 8, 9). The Court granted an extension of time to March 20, 2026 for Defendant to move to vacate the Clerk's Certificate of Default and for permission to file a late answer or motion to dismiss. (Doc. 10). On February 27, 2026, Defendant filed its motion. (Docs. 16, 17). Plaintiffs opposed (Docs. 18, 19, 20), and Defendant filed reply (Doc. 21).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."

*Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (alteration omitted)). "Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." *Id.* (internal quotation marks and alterations omitted).  "In determining whether to vacate a default or default judgment, the Court must consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* (quoting *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-08556, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010)). "The Court may also consider whether the entry of default would bring about a harsh or unfair result." *Id.* (internal quotation marks omitted).

The Court finds that good cause exists to vacate the Clerk's entry of default under Rule 55(c). Defendant has provided a reasonable explanation for the brief, though belated, failure to respond, and the Court cannot conclude under these circumstances that the default was willful. Defendant has also demonstrated the existence of meritorious defenses to this action—a RICO action that involves prior environmental actions, one of which resulted in a judgment entered upon a jury's verdict against Plaintiffs in 1997, and one commenced by Plaintiffs in 2015 that was resolved against this Defendant by settlement. "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Caleb & Brown Pty. Ltd.*, 2021 WL 4226183, at *4 (citation omitted). Defendant contends that Plaintiff has failed to plead sufficient facts to establish either a "fraud on the court" or the elements of a RICO claim. Any prejudice to Plaintiffs

that may be caused by delay resulting from the vacatur of the entry of default here does not outweigh the other factors.

Accordingly, under the circumstances, good cause exists to vacate the entry of default and warrants allowing Defendant the opportunity to respond to the Complaint. The motion is, therefore, GRANTED.

Defendant has indicated its desire to move to dismiss the Complaint. The Court construes Defendant's motion to vacate as its pre-motion letter, waives any pre-motion conference requirement, and grants Defendant leave to file a motion to dismiss. Defendant shall serve and file its motion to dismiss by April 10, 2026. Plaintiffs shall serve and file their opposition by May 8, 2026. Defendant shall serve and file its reply by May 22, 2026.

The Clerk of Court is respectfully requested to vacate the Clerk's Certificate of Default (Doc. 7) and terminate the pending motion (Doc. 16).

**SO ORDERED:**

Dated:    White Plains, New York
          March 9, 2026

_____
PHILIP M. HALPERN
United States District Judge

3