UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK MANCUSO and ELLEN MANCUSO, individually and on behalf of their children, DEANNA HEARN and THERESA BUSA, and F. MANCUSO BOATYARD, INC., d/b/a ECHO BAY MARINE,

Plaintiffs,

-against-

CITY OF NEW ROCHELLE,

Defendant.

**ORDER**

26-CV-00102 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendants moved to dismiss in accordance with the briefing schedule set by the Court on April 9, 2026. (Doc. 30, Doc. 31, Doc. 32). Plaintiff Frank Mancuso sought an emergency stay of proceedings due to family emergency on April 13, 2026, which application was granted in part on consent of Defendants, and the Court extended Plaintiffs' time to oppose the pending motion to July 7, 2026. (Doc. 33, Doc. 34, Doc. 35). On June 22, 2026, Plaintiffs filed their opposition. (Doc. 36). On July 8, 2026, Plaintiffs filed a motion for leave to substitute Plaintiff Ellen Mancuso with Frank Mancuso, as the proposed Administrator of the Estate of Ellen Mancuso, and to file an amended complaint to add a claim for wrongful death. (Doc. 38).

Defendants filed their reply brief on July 10, 2026 (Doc. 39) and a declaration in opposition to Plaintiffs' motion to substitute and amend on July 13, 2026 (Doc. 41).

Plaintiffs attempted to comply with the Local Rules and this Court's Individual Practices by annexing the new claim for relief they seek to add to their operative pleading—but not the complete versions of a clean and redline as is required by the rules. (See Doc. 38 at 4). To the extent Plaintiff Frank Mancuso seeks to be substituted in this action as the personal representative

of decedent's Estate, that application is denied without prejudice as premature, on the grounds that Frank Mancuso has not yet been duly appointed, describing himself as the "proposed Administrator" and explaining that he is currently petitioning the Surrogate's Court for formal letters of administration. (Doc. 38 at 1, 2). New York law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent. . . ." N.Y. E.P.T.L. § 1–2.13.

To the extent Plaintiffs seek leave to amend to add a proposed wrongful death claim to be pressed by the decedent's personal representative, that request is denied without prejudice as there does not exist a duly appointed personal representative to press such claim. *See* N.Y. E.P.T.L. § 5-4.1(1).

Further, the Court notes that in the event Plaintiffs establish that Ellen Mancuso has an estate and that Frank Mancuso obtains letters of administration such that he may be substituted in his capacity as personal representative of such estate, the estate generally must appear through licensed counsel. The estate may not be represented by Frank Mancuso, *pro se*, as a *pro se* party may not represent anybody other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). "[A]n administrator or executor of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *See Guest v. Hansen*, 603 F. 3d 15, 21 (2d Cir. 2010) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

Accordingly, Plaintiffs' motion to substitute Frank Mancuso as a representative plaintiff is denied without prejudice; and the motion to amend to add a wrongful death claim on behalf of the Estate of Ellen Mancuso is denied without prejudice. The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 38).

**SO ORDERED:**

Dated: White Plains, New York
July 13, 2026

PHILIP M. HALPERN
United States District Judge