THE LAW OFFICES OF
PETER SVERD
PLLC

225 Broadway, Suite 613
New York NY 10007
646-751-8743
212-964-9516
psverd@sverdlawfirm.com
www.sverdlawfirm.com

October 20, 2026

**VIA ECF**

Hon. Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street
White Plains, New York 10601

Application for initial conference denied without prejudice; however, discovery is not stayed.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
November 4, 2026

**Re:** ***Frank Mancuso, individually and as Administrator of the Estate of Ellen Anna Mancuso, et al. v. City of New Rochelle***
**Case No.: 7:26-cv-00102 (PMH)**
**Letter-Motion Requesting an Initial Pretrial Conference and Leave to Commence Discovery**

Dear Judge Halpern:

This firm represents all Plaintiffs in the above-captioned action. We respectfully submit this letter-motion pursuant to Rules 1(B), 1(F) and 2(B) of Your Honor's Individual Practices in Civil Cases and Rules 16(b) and 26(d) and (f) of the Federal Rules of Civil Procedure, requesting that the Court: (i) schedule an initial pretrial conference under Rule 16; (ii) direct the parties to hold their Rule 26(f) conference and to submit a proposed Civil Case Discovery Plan and Scheduling Order one week before that conference; and (iii) permit discovery to proceed while Defendant City of New Rochelle's (the "City") motion to dismiss remains pending. A preliminary statement of the discovery Plaintiffs intend to pursue is annexed as **Schedule A**.

## Procedural Posture

Plaintiffs commenced this action pro se. The City appeared and moved to dismiss under Rule 12(b)(6) on April 9, 2026 (ECF No. 30), supported by the declaration of its counsel annexing exhibits drawn from outside the pleadings (ECF Nos. 31 through 31-5). Plaintiffs opposed on June 22, 2026 (ECF No. 36), and the City replied (ECF No. 39). This firm has since appeared for Plaintiffs, and by Order dated October 19, 2026 (ECF No. 51), the Court substituted the Estate of Ellen Anna Mancuso for Plaintiff Ellen Anna Mancuso, who died on April 12, 2026, and amended the caption. To date, no initial conference has been scheduled, the parties have not held a Rule 26(f) conference, and no scheduling order has been entered. Under Individual Practices Rule 2(B), counsel are to alert the Court when an initial conference has not been scheduled; this letter does so.

**<u>The Rules Call for a Scheduling Order Now</u>**

Rule 16(b)(2) provides that the Court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." The City appeared no later than April 9, 2026, more than six months ago. Because Rule 26(d)(1) bars discovery from any source until the parties have conferred under Rule 26(f), the action cannot move forward on the facts until the Court sets the process in motion.

**<u>The Pending Motion Does Not Stay Discovery</u>**

"A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). A stay requires a showing of good cause under Rule 26(c), and the City has made no such application. Moreover, the City itself has invited the Court to look beyond the pleadings. Its notice of motion carries the Local Civil Rule 12.1 notice advising Plaintiffs that "the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." ECF No. 30 at 2. Where a movant relies on its own selection of historical records, fairness requires that Plaintiffs have access to the records that the City holds and has never produced. *See* Fed. R. Civ. P. 56(d).

The City's reply narrows the dispute in a way that makes targeted discovery especially appropriate. The City argues that the only triable issue in the 1993 action, Mancuso v. New York State Thruway Authority, No. 93 Civ. 1145 (CLB), was whether the City had unlawfully connected sanitary sewer lines to the North Avenue Drain. ECF No. 39 at 7. Whether the City concealed what it knew about those very connections, and later corrected them, is precisely the subject of the first category of discovery in Schedule A. Likewise, the City argues that Plaintiffs have not alleged that it received more than the tax debt owed. The amount of that debt and the value the City has realized or will realize from the former Mancuso parcel are facts within the City's exclusive possession as is the Lan Development Agreement Between the City and Pratt Landing Partners.

**<u>Physical Evidence at Risk of Spoliation</u>**

The former Mancuso Marina parcel (Section 1, Block 84, former Lot 110) was merged on April 2, 2020 into Section 1, Block 84, Lot 22, which is now a 5.15 acre site. The site is now NYSDEC Brownfield Cleanup Program Site No. C360201, which the City has approved for the Pratt Landing development. The City announced site plan approval in January 2025, and public announcements state that construction is set to begin in 2026. Remediation, demolition and construction will alter or destroy the soil, sediment, structures, drains, connections, and outfalls that are the physical evidence in this case. Plaintiffs therefore ask that the Court give priority to, and issue an Order that those contractors, workers, employees, agents, architects, engineers, working on the site inspect, photograph, video, survey, all drainage pipes, conduits, and connections of the North Avenue Drain system for evidence, contemporaneously and while the work is being performed. The events

at issue date to the 1980s and 1990s and the North Avenue Drain system has not, heretofore, been thoroughly and completely excavated, mapped, surveyed, photographed or videoed.

**The Existence of Surplus Proceeds Consideration Received and Accounting**

The City argues that Plaintiffs have not alleged that it received more than the tax debt owed. The amount of that debt and the value the City has realized or will realize from the former Mancuso parcel are facts within the City's exclusive possession.  as is the Land Development Agreement Between the City and Pratt Landing Partners, and the timing of the conveyance of Section 1, Block 84, Lot 22.

On April 23, 2024, New York Governor Kathy Hochul signed into law an amendment to Article 11 of the New York State Real Property Tax Law ("RPTL"), providing "an unconditional claim for surplus equity," but only for those whose properties were "sold on or after May 25, 2023." The revised Article 11 puts in place a process by which an owner can claim and pursue a surplus from a sale of tax-foreclosed property. Specifically, it provides:

> Any person who had any right, title, interest, claim lien or equity of redemption in or upon a parcel immediately prior to the issuance of the judgment of foreclosure may file a claim with the court having jurisdiction for a share of any surplus resulting from the sale of such property. Such claims shall be administered and adjudicated, and such surplus shall be distributed, in the same manner as in an action to foreclose a mortgage pursuant to Article 13 of the real property actions and proceedings law, subject to the provisions of this section.
>
> For a discussion of the law and history See *Cavaluzzi v. County of Sullivan 825 F.Supp.3d 279( SDNY, 2026)*

At bar, the pleadings allege violation of the Fifth Amendment Takings Clause, applicable to the Defendants under the Fourteenth Amendment. Whether this claim is ripe or not is based upon facts solely within the knowledge of the City, and discovery as to the finances, conveyances, consideration paid, promised, or received, from the lot is necessary to the claims.

**The Proposed Discovery Is Focused and Proportionate**

The discovery described in Schedule A is tied to the claims and to the defenses the City has raised, and it is proportional to the needs of the case under Rule 26(b)(1). Plaintiffs propose to proceed in an orderly sequence: initial disclosures; document requests; and,  initial interrogatories confined to the subjects permitted by Local Civil Rule 33.3(a); and thereafter depositions, nonparty subpoenas and expert discovery. Plaintiffs will use the Court's model stipulated confidentiality agreement and protective order pursuant to Individual Practices Rule 1(I), and will propose an ESI protocol with the Rule 26(f) report.

On October 19, 2026, the undersigned asked counsel for the City, Lalit K. Loomba, Esq., whether the City consents to the relief requested. The City responded on October 20, 2026, advising that it does not consent, stating that the dueling motions were outstanding.

For these reasons, Plaintiffs respectfully request that the Court schedule an initial pretrial conference at its earliest convenience, direct the parties to confer under Rule 26(f) within fourteen days and to submit a proposed Civil Case Discovery Plan and Scheduling Order one week before the conference, and permit discovery to proceed notwithstanding the pending motion to dismiss. We thank the Court for its consideration.

Very truly yours,

**THE LAW OFFICES OF PETER SVERD, PLLC**

*<u>/s/ Peter Sverd</u>*
Peter Sverd, Esq.
*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)
Lalit K. Loomba, Esq., The Quinn Law Firm PLLC, Attorneys for Defendant
Encl.: Schedule A